| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: October 30, 2012 at<br>10:00 A.M. |

-------------------------------------------------------------------------X

In re                                                                                                                Chapter 11

               IMPERIAL CAPITAL LLC,                                         Case No. 12-13809-smb

                                                                  Debtor.

-------------------------------------------------------------------------X

## NOTICE OF MOTION FOR ORDER DISMISSING CASE

        PLEASE TAKE NOTICE, that upon the annexed application of CADLEROCK JOINT VENTURE, L.P., dated September 19, 2012, by its attorneys Vlock & Associates, P.C., the undersigned will move this Court, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the courthouse located at One Bowling Green, New York, New York, Room 723, on October 30, 2012 at 10:00 A.M., for an Order:

    a. Dismissing this case based on the improper *pro se* filing of the Petition by the debtor;

    b. Pursuant to 11 U.S.C. § 1112(b), dismissing this case based on the failure of the debtor to file the required schedules;

    c. Dismissing this case based on the debtor's bad faith filing of the Petition, for the sole purpose of delay, with no intent to reorganize;

    d. Enjoining the debtor, Imperial Capital LLC and its principal Mel Cooper from filing any further bankruptcy cases without prior approval of the Bankruptcy Court; and

    e. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:        New York, New York
              September 19, 2012

                                                    VLOCK & ASSOCIATES, P.C.
                                                    Attorneys for CadleRock Joint Venture, L.P.
                                                    380 Madison Avenue, 22nd Floor
                                                    New York, New York 10017
                                                    (212) 557-0020

                                                    By: s/Stephen Vlock
                                                    Stephen Vlock, Esq.

UNITED STATES BANKRUPTCY COURT  Chapter 11
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Case No. 12-13809-smb
In re

**APPLICATION**

            IMPERIAL CAPITAL LLC,

                                          Debtor.
------------------------------------------------------------------------X

TO THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE:

       The application of CADLEROCK JOINT VENTURE, L.P. ("CadleRock"), by its attorneys, VLOCK & ASSOCIATES, P. C., respectfully represents:

       1.     On September 5, 2012, the Debtor herein filed a petition under Chapter 11 of the United States Bankruptcy Code, Title 11 of the United States Code.

       2.     As demonstrated herein, the Petition should be dismissed, on several grounds: (a) the filing was made pro se by the debtor, which is a limited liability company and therefore cannot file pro se; (b) the debtor failed to file the required schedules with the petition and has not cured the filing deficiencies; and (c) the filing was made in bad faith, as this is just another in a series of bankruptcy filings which were used to delay state court litigation for no legitimate purpose.

       3.     Furthermore, based on the bad faith filing, and the history of prior bad faith filings by the individual principal of the debtor, Mel Cooper, which were all made for the improper purpose of delay of pending state court proceedings, this Court should direct that no further bankruptcy filings be allowed by the debtor and its principal without prior approval of this Court.

**THE PETITION WAS IMPROPERLY FILED BY THE DEBTOR *PRO SE* AND
THEREFORE IS A NULLITY AND MUST BE DISMISSED**

4. A limited liability company is prohibited from maintaining a bankruptcy case pro se. A limited liability company must be represented by counsel.

5. As held by the United States Supreme Court in Rowland v. California Men's Colony, 506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993):

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts **only through licensed counsel**. As the courts have recognized, the rationale for that **rule applies equally to all artificial entities**. Thus, save in a few aberrant cases, the lower courts have uniformly held that *28 U.S.C. § 1654*, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. [Emphasis added. Citations omitted.]

6. Where a limited liability company files a Chapter 11 Petition without licensed counsel, the case is a nullity and void, and must be dismissed. In re Poconos Land, LLC, 343 B.R. 108 (Bktcy., Pa., 2005)(Chapter 11 petition filed without licensed counsel dismissed as "null and void.").

7. In this case, the debtor, a limited liability company, is an artificial entity created by statute, and can only file a bankruptcy case via a licensed attorney. However, the debtor filed the instant Chapter 11 case *pro se*. Therefore, the filing is null and void and this case must be dismissed.

**THIS CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112(b) BASED ON
THE DEBTOR'S FAILURE TO FILE THE REQUIRED SCHEDULES**

8. Not only was the filing null and void, but the debtor herein filed only a bare bones Petition which is completely deficient. The debtor failed to file the required Schedules together with the Petition. Specifically, the debtor failed to file Schedule A, Schedule B, Schedule D,

Schedule E, Schedule F, Schedule G, Schedule H, Summary of Schedules, Statement of Financial Affairs, Statement of Operations, 20 Largest Unsecured Creditors, Balance Sheet, Cash Flow Statement, Federal Income Tax Return, Corporate Resolution, Local Rule 1007-2 Affidavit, and Corporate Ownership Statement. (See Docket No. 1.)

9. Pursuant to 11 U.S.C. § 1112(b), the Court may dismiss a case for cause, including the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

10. As the debtor herein failed to timely file nearly all of the required Schedules, and has failed to cure the deficiencies, this Court should dismiss this case.

## THE COURT SHOULD DISMISS THE CASE BASED ON BAD FAITH FILING

11. The Court should also dismiss this case based on the debtor's filing herein in bad faith. The debtor filed this case for no legitimate purpose. Rather, the filing was made only to delay a pending state court proceeding, and not for the purpose of reorganization.

12. Section 1112(b) of Title 11 of the United States Code provides that a court may dismiss a Chapter 11 case "for cause" if it is in the best interest of the creditors and the estate.

13. "[A] Chapter 11 petition is not filed in good faith unless it serves a valid reorganizational purpose." In re SGL Carbon Corp., 200 F.3d 154, 165 (3d Cir. 1999).

14. Conversely, "the use of Chapter 11 petitions not to reorganize, but to relitigate....is an impermissible use of Chapter 11." In re First Conn. Consulting Grp., Inc., 254 F. App'x 64, 68 (2d Cir. 2007) (internal quotation marks omitted); see also In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1309 (2d Cir. 1997)(affirming dismissal of Chapter 11 case whose

"primary function [was] to serve as a litigation tactic" and whose "'primary characteristic [was] the petitioner's] longstanding dispute with'" an opposing party).

15. "When it is clear that, from the date of filing, the debtor has no reasonable probability of emerging from the bankruptcy proceedings and no realistic chance of reorganizing, then the Chapter 11 petition may be frivolous." In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1310 (2d Cir. 1997).

16. In In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1310 (2d Cir. 1997), the Court of Appeals for the Second Circuit identified various factors which should be considered as indicative of a bad faith filing under Chapter 11 (citing to Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corporation, 139 B.R. 828 (W.D. Ky. 1992):

> (1) the debtor has only one asset;
>
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
>
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
>
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
> (6) the debtor has little or no cash flow;
>
> (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
>
> (8) the debtor has no employees.

17. In this case, the debtor filed the Petition for only one reason: to delay a pending state court action. Specifically, CadleRock has been in litigation in New York Supreme Court with the debtor's principals, Mel Cooper and David Cooper, for over six (6) years. CadleRock holds a Judgment against Mel Cooper and David Cooper, which was entered in said Court on May 7, 2007 in the sum of $335,243.55.

18. Since that time, CadleRock has attempted to recover on the Judgment, and has been involved in extensive postjudgment litigation with Mel Cooper, David Cooper and their company, Imperial Capitall LLC, the debtor herein.

19. The essence of the litigation is, that Mel Cooper owned a condominium apartment at Trump Tower, 721 Fifth Avenue, New York, New York. Several months after the Judgment held by CadleRock was entered, and a lien was placed on the condominium unit, Mel Cooper transferred the unit to his company, Imperial Capital LLC. Since the transfer was made after CadleRock held a lien, the transfer did not affect CadleRock's lien on the unit. As such, CadleRock, as well as other creditors of Mel Cooper, sought to sell the premises to recover on their Judgments, and the litigation with regard to the sale has been pending for the last few years.

20. In order to forestall the sale of the premises, Mel Cooper individually filed a Chapter 13 case on July 1, 2011 (Case No. 11-13190) before this Court. Cooper failed to file any of the required Schedules – just like in the instant case – and the Chapter 13 Trustee eventually moved to dismiss. The case was dismissed on October 9, 2011. Thereafter, on June 1, 2012, Mel Cooper again filed a Chapter 13 bankruptcy case (Case No. 12-12418). Again, he did nothing in the case except file the petition, and the Trustee moved to dismiss the case. The second case was dismissed on September 7, 2012.

21. Realizing that his second Chapter 13 case was going to be dismissed, Cooper then caused the instant Chapter 11 case to be filed. Like his individual cases before, the instant Chapter 11 case was filed bare bones, and without the required Schedules. This was done merely so that the automatic stay would prevent CadleRock from continuing the state court litigation.

22. There is no legitimate purpose to the filing of the instant case. The debtor, Imperial Capital LLC, has no need to reorganize, nor any possibility of doing so. Upon information and belief, the debtor is a non-operating entity that simply is an owner of the condominium unit previously owned by Mel Cooper, the debtor's principal. As such, there is no ongoing business to reorganize.

23. Although the debtor has failed to file any Schedules, upon information and belief the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors. The secured creditors with relation to the condominium unit are owed several million dollars. Moreover, the condominium unit is the subject of the state court proceeding to sell the premises to recover on the various judgments held by the secured creditors. It is also the subject of a pending mortgage foreclosure action.

24. The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights in the pending state court litigation. The filing herein was made on the eve of the hearing to determine the rights of the secured creditors in the premises. The hearing was scheduled for September 13, 2012, and the instant case was filed on September 5, 2012, just a week before the hearing. The instant case was also filed as a continuation of the bad faith filings made by Mel Cooper, as previously discussed.

25. Finally, upon information and belief, the debtor has no employees, but is merely a shell company to hold the condominium unit.

26. In light of the above, this case should be dismissed for bad faith filing.

### THE DEBTOR SHOULD BE PROHIBITED FROM FILING AGAIN WITHOUT PRIOR AUTHORIZATION OF THIS COURT

27. The debtor and the debtor's principal have engaged in serial, frivolous bankruptcy filings, as discussed above. These filings have been for the sole purpose of obtaining the automatic stay in order to forestall the pending state court proceedings. In each case, the debtor has failed to do anything in the cases other than the initial filing of the petition. This clearly demonstrates their bad faith and frivolous use of the bankruptcy system for improper purposes.

28. Undoubtedly, even after this case is dismissed, the debtor or its principal will file yet another frivolous bankruptcy case, unless this Court puts an end to the abuse.

29. A federal court has well-recognized authority to restrict the activity of abusive litigants. See Abdul-Akbar v. Watson, 901 F.2d 329, 332-33 (3d Cir. 1990); Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989); In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). In deciding whether to issue a filing injunction, a court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

30. In this case, we respectfully request that the Court enjoin the debtor and its principal, Mel Cooper, from any further bankruptcy filings unless they obtain prior authorization from this Court. This will prevent the debtor and its principal from continuing to abuse the Bankruptcy Courts and from continuing to delay and prejudice the rights of creditors.

WHEREFORE, it is respectfully requested that this Court grant the instant motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:    New York, New York
          September 19, 2012

                                              VLOCK & ASSOCIATES, P.C.
Attorneys for CadleRock Joint Venture, L.P.
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 557-0020

By: s/Stephen Vlock
Stephen Vlock, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2012, I caused a copy of NOTICE OF MOTION FOR ORDER DISMISSING CASE to be served by ECF and/or mail upon the following:

Imperial Capital LLC
45 Broadway, Suite 1440
New York, New York 10006

United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated:    New York, New York
          September 19, 2012

                                           s/Stephen Vlock
                                           STEPHEN VLOCK